**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Christina Pearson

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTINA PEARSON;**<br><br>Plaintiff,<br><br>v.<br><br>**APRIA HEALTHCARE GROUP, INC. and ARSTRAT, LLC;**<br><br>Defendants. | Case No.: '19CV2400 WQHJLB<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a healthcare provider and its debt collection agency who deliberately dunned a military spouse instead of her military insurance carrier for her child's nebulizer. They continued to dun her even after they knew that the she and her child had insurance which covered the machine, and even after they acknowledged – to her – that they knew she didn't owe the debt.

2. **CHRISTINA PEARSON** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, and attorneys fees, and costs, against **APRIA HEALTHCARE GROUP, INC. and ARSTRAT, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and

credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

**PARTIES**

14. Plaintiff is a natural person who resides in the County of San Diego, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §

1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant Apria Healthcare Group, Inc. (hereinafter "Defendant Apria") is a Delaware corporation operating from an address of 26220 Enterprise Court, Lake Forest, CA 92630, and is a "Debt Collector" as that term is defined by Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. It attempts to collect debts from consumers in virtually every state, including consumers in the State of California. One of its primary business purposes is the collection of consumer debts, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. Defendant ARStrat, LLC (hereinafter "Defendant ARS") is a Nevada corporation operating from an address of 14141 SW Freeway, Suite 300, Sugarland, TX 77478, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer

debt it attempted to collect from Plaintiff.

17. Defendant ARS is an agent of Defendant Apria. Defendant Apria hired Defendant ARS in order to attempt to collect the alleged debt from Plaintiff.

18. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

20. Plaintiff is an individual residing in the County of San Diego in the State of California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of

California.

22. Defendant Apria collects consumer debts as a part of its business practices as a healthcare provider.

23. Defendant ARS's business consists solely of the acquisition and collection of delinquent consumer debts.

24. Plaintiff has a daughter who suffers from cold-induced asthma which makes it difficult for her to breathe. The condition requires Plaintiff's daughter to use a machine, called a nebulizer, to neutralize the asthma.

25. In or around December 2018, Plaintiff received a $117.59 bill from Defendant Apria for the nebulizer.

26. Subsequent to receiving this bill, Plaintiff called Defendant Apria to investigate and was told by Defendant Apria that they would no longer rent the nebulizer to Plaintiff, and she had to buy it instead.

27. On or around January 12, 2019, Plaintiff received a second bill from Defendant Apria, also for $117.59 for the nebulizer.

28. Plaintiff's insurance, Tricare, sent Defendant Apria an authorization to bill Tricare for the nebulizer in November of 2018, but Defendant Apria did not respond to this authorization.

29. In February 2019, Plaintiff was contacted by a collection agency that wanted her to pay them $117.59. When Plaintiff refused, they offered a discounted price, and when Plaintiff refused again, they offered a further discount and became angry at

Plaintiff.

30. In February 2019, Plaintiff called her insurance company, Tricare, and asked them about the bill. Plaintiff was told by Tricare that it had never received any information or billing submission regarding this nebulizer sale from Defendant Apria.

31. During this phone call, Plaintiff's insurance, Tricare, informed Plaintiff that she was not responsible for paying Defendant Apria, and told Plaintiff not to pay.

32. On February 11, 2019, Plaintiff called Defendant Apria, at the Corporate Office, and was told by Defendant Apria that after an audit of Plaintiff's account, it was Defendant Apria's fault for not filing a claim for payment on the nebulizer with Plaintiff's insurance, Tricare. Defendant Apria told Plaintiff they had made a mistake and failed to send the necessary documents for billing to Plaintiff's insurance, Tricare, but that they would attempt to correct the problem. On this phone call, Defendant Apria told Plaintiff that it would either bill Tricare for the balance, or cancel the balance of the debt. Defendant Apria told Plaintiff to ignore any notices she received from Defendant Apria, and not to pay the debt.

33. Plaintiff received a letter from Defendant ARS on September 12, 2019, addressed to Plaintiff's California address, stating that a debt was placed with Defendant ARS for collection, and which stated that the creditor was Apria Healthcare and the amount due was $110.91. On information and belief, the debt referred to in the September 12, 2019, letter from Defendant ARS is the same debt for the

nebulizer that Plaintiff was originally dunned for by Defendant Apria.

34. The September 12, 2019, letter from Defendant ARS did not contain the notice required by Cal. Civ. Code. §1812.700. The September 12, 2019, letter from Defendant ARS was the first notice mailed by Defendant ARS to Plaintiff's California address.

35. Plaintiff called Defendant ARS back and informed them of the conversation she'd had with Defendant Apria, wherein Defendant Apria told her she did not owe the debt. During this conversation, Defendant ARS told Plaintiff that she *did* owe the debt and that she was required to pay.

36. After the phone call with Defendant ARS, Plaintiff called the Corporate Office of Defendant Apria back to inform them of the collection letters and phone calls from Defendant ARS. Defendant Apria's representative "Lisa" told Plaintiff that Defendant Apria "couldn't do anything about" Defendant ARS' collection efforts, and, that if Plaintiff answered the phone calls from Defendant ARS, then she was accepting the debt.

37. Plaintiff did not answer any phone calls from Defendant ARS.

38. Defendants called Plaintiff three times on September 18, 2019.

39. Defendants called Plaintiff twice on September 19, 2019.

40. Defendants called Plaintiff once on September 20, 2019.

41. Defendants called Plaintiff once on September 23, 2019.

42. All of the 7 calls that Defendants placed to Plaintiff between September 18, 2019

through September 23, 2019, were placed before 8:00 a.m. Plaintiff's local time in California.

## ACTUAL DAMAGES

43. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATION OF § 1692C OF THE FDCPA
## AGAINST DEFENDANT ARS

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. A debt collector violates § 1692c(a)(1) if it communicates with a consumer, in connection with the collection of any debt, before 8:00 a.m. or after 9:00 p.m. local time at the consumer's location.

46. Defendant ARS violated § 1692c(a)(1) when it, on at least one occasion, called Plaintiff before 8:00 a.m. local time where Plaintiff was located, which was California.

///

# COUNT II

## VIOLATION OF § 1692E OF THE FDCPA

### AGAINST DEFENDANT ARS ONLY

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. Defendant violated § 1692e(2)(a) when it, among other qualifying actions and omissions, willfully misrepresented the character, amount, and/or legal status of the debt, to wit: that the Plaintiff was responsible for paying the debt when she was not.

# COUNT III

## VIOLATION OF § 1692F OF THE FDCPA

### AGAINST DEFENDANT ARS ONLY

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt, including, under §1692f(1), collection of any amount unless collection of such amount is authorized by agreement or permitted by law.

52. Defendant violated § 1692f(1) when it, among other qualifying actions and omissions, willfully and without justification, attempted to collect an amount

from Plaintiff that it was not authorized to collect from Plaintiff by either agreement or law.

## COUNT IV
### VIOLATION OF § 1812.700 OF THE RFDCPA
### AGAINST DEFENDANT ARS ONLY

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. A defendant violates § 1812.700 of the RFDCPA when it fails to provide, in the first written communication with a California consumer, the requisite notice under this statute.

55. Defendant violated § 1812.700 of the RFDCPA when they mailed a letter to Plaintiff on September 12, 2019, and did not include the required notice under Cal. Civ. Code §1812.700.

## COUNT V
### VIOLATION OF § 1788.17 OF THE RFDCPA
### AGAINST ALL DEFENDANTS

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

58. Defendant ARS violated § 1788.17 of the RFDCPA when it willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692c, § 1692e, and § 1692f.

59. Defendant Apria violated §1788.17 of the RFDCPA when it falsely represented the character, amount, and/or legal status of the debt to wit: that, by sending dunning notices to Plaintiff demanding payment of the debt, the Plaintiff was responsible for paying the debt when she was not in violation of 15 U.S.C. §1692e(2)(a).

60. Defendant Apria violated §1788.17 of the RFDCPA when it attempted to communicate with Plaintiff prior to 8am local time in violation of 15 U.S.C. §1692c.

61. Defendant Apria violated §1788.17 of the RFDCPA when it, among other qualifying actions and omissions, willfully and without justification, attempted to collect an amount from Plaintiff that it was not authorized to collect from Plaintiff by either agreement or law in violation of 15 U.S.C. §1692f(1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

   a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant ARS and for Plaintiff, and,

   b) Award of actual damages pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

   c) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant ARS and for Plaintiff,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

and,

d) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

e) Award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant ARS and for Plaintiff, and,

f) Award of costs of litigation and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

g) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED.

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED: December 13, 2019        BY: /s/ Lauren B. Veggian
                                Michael F. Cardoza, Esq.
                                Lauren B. Veggian, Esq.
                                Attorneys for Plaintiff,
                                Christina Pearson