**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Ave, Suite D1
Costa Mesa, CA 92108
Telephone: (805) 335-8455
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (306499)
yana@kazlg.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (800) 520-5523

**THE CARDOZA LAW CORPORATION**
Michael F. Cardoza, Esq. (194065)
Mike.cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (309929)
Lauren.veggian@cardozalawcorp.com
548 Market St #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700

*Attorneys for Plaintiff*,
Christina Pearson

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>APRIA HEALTHCARE GROUP, INC., and ARSTRAT LLC,<br><br>Defendants. | Case No. 19-cv-02400 WQH-JLB<br><br>**PLAINTIFF CHRISTINA PEARSON'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT ARSTRAT, LLC**<br><br>Date: March 11, 2021<br><br>Hon. William Q. Hayes |

**TABLE OF CONTENTS**

Page No.

I. INTRODUCTION ..................................................................................1
II. STATUTORY BACKGROUND ............................................................1
III. LEGAL STANDARD .............................................................................2
IV. FACTUAL BACKGROUND .................................................................3
V. ARGUMENT ..........................................................................................5
   A. Plaintiff Is A "Consumer" Under FDCPA (And A "Debtor" Under RFDCPA) ..................................................................................6
   B. ARStrat Was Attempting To Collect A "Debt"/"Consumer Debt". .....6
   C. ARStrat Is A "Debt Collector." ............................................................8
   D. ARStrat Violated 15 U.S.C. § 1692c And Cal. Civ. Code § 1788.17 Because It Called Pearson Before 8 A.M. PT .....................................8
VI. CONCLUSION ......................................................................................9

# TABLE OF AUTHORITIES

**Cases** **Page No.**

*Anderson v. Liberty Lobby Inc.*,
  477 U.S. 242, 248 (1986) ............................................................................. 3

*Aniel v. Aurora Loan Servs. Ltd. Liab. Co.*,
  550 F. App'x 416, 418 (9th Cir. 2013) ........................................................ 7

*Ansari v. Elec. Document Processing Inc.*,
  2013 U.S. Dist. LEXIS 124798, at *22 (N.D. Cal. 2013) ............................ 8

*Baker v. G.C. Services Corp.*,
  677 F.2d 775, 778 (9th Cir. 1982) ............................................................... 2

*Bishop v. I.C. Sys.*,
  713 F. Supp. 2d 1361, 1365 (2010) ............................................................. 7

*Caudillo v. Portfolio Recovery Associates, LLC*,
  2013 WL 4102155, at *4 (S.D. Cal. Aug. 13, 2013) ................................... 6

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 322-23 (1986) ....................................................................... 3

*Dunaway v. JBC & Assocs.*,
  03-73597, 2005 U.S. Dist. LEXIS 48621, at *6-7 (E.D. Mich. June 20, 2005) .... 2

*Flores v. Collection Consultants of Calif.*,
  No. SACV 14-0771-DOC (RNBx), 2015 WL 4254032, at *4 (C.D. Cal. Mar. 20, 2015) ........................................................................................... 6

*Gouskos v. Aptos Village Garage, Inc.*,
  94 Cal. App. 4th 754 (Cal. Ct. App. 2001) ................................................. 8

*Graziano v. Harrison*,
  950 F.2d 107, 111 (3d Cir. 1991) ................................................................ 2

*Hanrahan v. Statewide Collection, Inc.*,
  No. 19-cv-00157-MMC, 2020 U.S. Dist. LEXIS 242290, at *10 (N.D. Cal. Dec. 23, 2020) ............................................................................................ 8

*Herrera v. First Nat'l Bank of Omaha, N.A.*,
  No. CV17-1136 RSWL (SKAx), 2017 U.S. Dist. LEXIS 200103, at *4 (C.D. Cal. Dec. 4, 2017) ................................................................................ 3

*Holmes v. Elec. Document Processing, Inc.*,
  966 F. Supp. 2d 925, 937 (N.D. Cal. 2013) ................................................ 2

*Huy Thanh Vo. v. Nelson & Kennard*,
  931 F. Supp. 2d 1080, 1090 (E.D. Cal. 2013) ............................................. 6

*Jeter v. Credit Bureau, Inc.*,
  760 F.2d 1168, 1174-74 (11th Cir. 1985) ................................................... 2

*Lewis v. ABC Bus. Servs., Inc.*,
　135 F.3d 389, 398 (6th Cir. 1998) ...................................................................2

*Lindblom v. Santander Consumer USA, Inc.*,
　1:15-CV-990-LJO-BAM, 2016 U.S. Dist. LEXIS 61960 (E.D. Cal. May 9, 2016)6

*Mashiri v. Epsten Grinnell & Howell*,
　845 F.3dd 984, 989 n.5 (9th Cir. 2017) ...........................................................2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
　475 U.S. 574, 587 (1986) .................................................................................3

*Mejia v. Marauder Corp.*,
　2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007) .............................................9

*Riviere v. Banner Chevrolet*,
　184 F.3d 457, 462 (5th Cir. 1999) ...................................................................7

*Roche v. Bank of America*,
　2013 U.S. Dist. LEXIS 95646 (S.D. Cal. 2013) ..............................................7

*Schultz v. Arrow Fin. Servs., LLC*,
　465 F. Supp. 2d 872, 875 (N.D. Ill. 2006) .......................................................9

*Slenk v. Transworld Sys.*,
　236 F.3d 1072 (9th Cir. 2001) ......................................................................6, 7

*Smith v. Progressive Fin. Servs.*,
　No. 6:12-cv-1704-MC, 2013 U.S. Dist. LEXIS 108744, at *10 (D. Or. Aug. 1, 2013) ................................................................................................................9

*Smith v. Transworld Systems, Inc.*,
　953 F.2d 1025, 1028 (6th Cir. 1992) ...............................................................2

*Townsend v. National Arbitration Forum, Inc.*,
　2012 WL 12736, at *8 (C.D. Cal. Jan. 4 2012 .................................................6

*Turner v. Cook*,
　362 F.3d 1219, 1227-28 (9th Cir. 2004) ..........................................................6

*Valandingham v. Bojorquez*,
　866 F.2d 1135, 1137 (9th Cir. 1989) ...............................................................3

*Wade v. Regional Credit Association*,
　87 F.3d 1098, 1099 (9th Cir. 1996) .................................................................2

**Statutes**

15 U.S.C. § 1692a ..........................................................................................6, 7, 8

15 U.S.C. § 1692c ............................................................................................1, 9

15 U.S.C. § 1692e ................................................................................................1

Cal. Civ. Code § 1788.2 ..................................................................................6, 7, 9

Cal. Civ. Code § 1788.17 ....................................................................................1, 9

**Rules**

Fed. R. Civ. P. 56. ....................................................................................................3

**Regulations**

32 C.F.R. § 199.2 .....................................................................................................4

32 C.F.R. § 199.4 .....................................................................................................4

## I. INTRODUCTION

Defendant ARStrat, LLC ("ARStrat") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 *et seq.*, by repeatedly calling Plaintiff Christina Pearson ("Pearson") before 8 a.m. in its attempt to collect a debt on behalf of Defendant Apria Healthcare Group, Inc. ("Apria").

ARStrat's calls to Pearson were made in an attempt to collect a medical obligation, and are a <u>per se violation</u> of 15 U.S.C. § 1692c (and Cal. Civ. Code § 1788.17 by incorporation). For that reason, Plaintiff brings this Motion for Summary Judgment on the basis that there is no dispute regarding the material facts that establish Pearson's FDCPA and RFDCPA claims because: (a) Pearson is a "consumer" and a "debtor"; (b) who was the object of a collection activity arising from a "debt"/"consumer debt"; (c) ARStrat is a "debt collector" under both the FDCPA and the RFDCPA; and (d) who violated § 1692c and Cal. Civ. Code § 1788.17 in its attempts to collect a debt from Pearson.

Pearson, therefore, respectfully requests that the Court grant her Motion for Summary Judgment against ARStrat. Alternatively, Pearson seeks partial summary judgment to narrow the issues for trial.

## II. STATUTORY BACKGROUND

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 "to eliminate abusive debt collection practices, to [ensure] that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e; *see also Wade v. Regional Credit Association*, 87 F.3d 1098, 1099 (9th Cir. 1996) (discussing the purpose of the FDCPA).[1]

---

[1] "Collection abuse takes many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a

The statute is liberally construed to protect the "least sophisticated consumer." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006); *see Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 (11th Cir. 1985); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982). This objective standard ensures that the FDCPA protects all consumers, the gullible as well as the shrewd, the ignorant, the unthinking and the credulous. *Clark*, 460 F.3d at 1171 (citation omitted).

The RFDCPA is a <u>strict</u> liability statute, which mimics the FDCPA. *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 937 (N.D. Cal. 2013) (citing *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 336 (2009)). The only difference between the two statutes is that the RFDCPA applies to original creditors and entities that may not fall under the FDCPA definition. *See, e.g.*, *Mashiri v. Epsten Grinnell & Howell*, 845 F.3dd 984, 989 n.5 (9th Cir. 2017).

Thus, since ARStrat violated the FDCPA as fully described below, it also violated the Rosenthal Act, § 1788.17, which incorporates 15 U.S.C. § 1692c.

## III. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a

---

consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employee, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *See Lewis v. ABC Bus. Servs., Inc.*, 135 F.3d 389, 398 (6th Cir. 1998) (quoting S. Rep. No. 382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696); *see also Dunaway v. JBC & Assocs.*, 03-73597, 2005 U.S. Dist. LEXIS 48621, at *6-7 (E.D. Mich. June 20, 2005).

reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Alternatively, the movant can demonstrate that the non-moving party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial. *Id*.

Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324; *Valandingham v. Bojorquez*, 866 F.2d 1135, 1137 (9th Cir. 1989). The court must view any inferences drawn from the underlying facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In its inquiry, the court cannot engage in credibility determinations or weigh the evidence because these functions are reserved for the jury. *Anderson*, 477 U.S. at 255.

A court may also grant a partial motion for summary judgment, to narrow issues to be tried in a case. *Herrera v. First Nat'l Bank of Omaha, N.A.*, No. CV17-1136 RSWL (SKAx), 2017 U.S. Dist. LEXIS 200103, at *4 (C.D. Cal. Dec. 4, 2017) (citing *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987)).

## IV. FACTUAL BACKGROUND

Pearson is a mother of two minor children and is a spouse of an active duty servicemember. Declaration of Christina Pearson ¶¶ 4, 5 ("Pearson Decl.") [Dkt. 54-2]. Her family lives on her husband's income, and as a result, they have limited means for a family of four. *Id*. ¶ 27. Ms. Pearson's minor daughter has a cold-induced asthma. *Id*. ¶ 6. In 2017, Pearson's daughter's primary physician prescribed her a nebulizer as a medical necessity to combat the cold-induced asthma attacks. *Id*.;

Declaration of Sean Sullivan ("Sullivan Decl.") [Dkt. 44-2], Ex. 5 [Dkt. 44-7]. At all times hereto, Pearson and her daughter maintained Tricare[2] Prime insurance, which provides coverage for the durable medical equipment ("DME"). *See* Parties[3] Separate Statement of Undisputed Material Facts ("SSUF") ¶ 28 [Dkt. 70]; *see also* 32 C.F.R. § 199.2. Pearson obtained the nebulizer from Apria, Tricare's in-network provider of a nebulizer. SSUF ¶¶ 1, 25.

The nebulizer was delivered in October 2017, and was left on Pearson's porch outside of her home. SSUF ¶¶ 1-2. Apria did not charge or require any payment from Pearson prior to providing her with the nebulizer. Supp. SSUF ¶¶ 86, 87; Supplemental Declaration of Michael Cardoza ("Supp. Cardoza Decl."), Ex. N, Deposition Transcript of Amanda Patton ("Patton Dep.") 28:23-25; Cardoza Decl., Ex. E, Patton Dep. 25:25-26:24; SSUF ¶ 56.

In 2018, Apria began billing Pearson for rental and purchase costs of the nebulizer. SSUF ¶¶ 54, 57-59. Pearson disputed the debt,[4] and at some point thereafter, Apria promised the debt to be waived. *Id*. ¶¶ 12-14, 65, 68. Subsequently, Apria retained ARStrat to collect on the debt. *Id*. ¶¶ 76-77.

---

[2] Tricare (previously known as "CHAMPUS") is government funded insurance for active-duty service members and their dependents. These benefits include payment for medically or psychologically necessary services and supplies, as well as rental or purchase of durable equipment. *See* 32 C.F.R. § 199.4(a)(1)(i).

[3] To avoid duplicity, Pearson will refer to the parties' previously submitted disputed and undisputed facts as "SSUF" [Dkt. 70]. The Supplemental Undisputed Facts Submitted with this motion are referred to as "Supp. SSUF." Exhibits D, E, L, M to Cardoza's Declaration were filed with Pearson's Motion to File Under Seal via ECF. [Dkt. 52]. Audio recordings (Exs. A-C) were filed with Pearson's Motion to File Under Seal that was lodged and emailed to the Court and counsel. The Exhibits N & O are submitted with Cardoza's Supplemental Declaration, through the Motion to File Under Seal on February 11, 2021.

[4] For the purpose of this motion, the history and basis of the disputes between Pearson and Apria are irrelevant. However, the full history of Pearson's disputes with Apria are fully discussed in Pearson's Motion for Summary Judgment against Apria, filed concurrently with this motion.

ARStrat's principal business purpose is collection of debts. Supp. SSUF ¶¶ 91, 92. ARStrat regularly collects debts on behalf of other companies. *Id*. Here, ARStrat collected the debt on behalf of Apria. *Id*. ¶ 93; SSUF ¶¶ 76-77. ARStrat primarily collects medical debts; it does not collect business debts. Supp. SSUF ¶ 92 ARStrat received Apria's data file pertaining to this debt, including Pearson's telephone number and San Diego, California address. *Id*. ¶ 93. In attempting to collect the debt, ARStrat placed at least 3 calls to Pearson before 8:00 a.m. Pacific Time. SSUF ¶ 78 ARStrat did not do any independent verification of the amount of the debt. Cardoza Decl., Ex. I at 26:8-15. ARStrat did not have Pearson's permission to call her before 8 a.m. *Id*. at 38:1-3; Supp. SSUF ¶ 94. ARStrat was aware that placing a call before 8:00 a.m. would violate the FDCPA. Cardoza Decl., Ex. I at 38:17-25; Supp. SSUF ¶ 95.

## V.     ARGUMENT

Pearson's Motion should be granted because (1) Pearson is a "consumer"; (2) ARStrat was attempting to collect a "consumer debt"; (3) ARStrat is a "debt collector" as defined by the FDCPA; and (4) ARStrat violated the FDCPA and the RFDCPA by calling Pearson before 8:00 a.m. to collect on the debt. *Townsend v. National Arbitration Forum, Inc*., 2012 WL 12736, at *8 (C.D. Cal. Jan. 4 2012) (citing *Miranda v. Law Office of D. Scott Carruthers*, 2011 WL 2037556, *4 (E.D. Cal. May 23, 2011)) (discussing elements of the FDCPA); *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004)). Since the RFDCPA and the FDCPA are viewed identically (although RFDCPA also applies to original creditors), Plaintiff will analyze them jointly. *Caudillo v. Portfolio Recovery Associates, LLC*, 2013 WL 4102155, at *4 (S.D. Cal. Aug. 13, 2013) (citing *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012)) (holding that Rosenthal Act mimics FDCPA requirements); *Lindblom v. Santander Consumer USA, Inc*., 1:15-CV-990-LJO-BAM, 2016 U.S. Dist. LEXIS 61960 (E.D. Cal. May 9, 2016) (reciting RFDCPA requirements, which are similar to FDCPA); *Flores v. Collection Consultants of*

*Calif.*, No. SACV 14-0771-DOC (RNBx), 2015 WL 4254032, at *4 (C.D. Cal. Mar. 20, 2015) (same).

### A. Plaintiff Is A "Consumer" Under FDCPA (And A "Debtor" Under RFDCPA).

Pursuant to the FDCPA, the term "consumer" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3); *see Slenk v. Transworld Sys.*, 236 F.3d 1072 (9th Cir. 2001); *see also* Cal. Civ. Code § 1788.2(h) (similar definition for the RFDCPA of a "debtor"); *Huy Thanh Vo. v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1090 (E.D. Cal. 2013) (same).

Here, there is no triable issue of fact with regard to Pearson's status as a "consumer" and "debtor." SSUF ¶¶ 11, 12, 15. The alleged debt was incurred for Plaintiff's minor daughter's personal use—specifically the medical need of the device. *Id*. ARStrat alleged that Pearson was obligated to pay this debt, and made calls in its attempts to obtain a payment from Pearson. SSUF ¶¶ 79-80; Supp. SSUF ¶¶ 91-96.

Thus, Pearson is a "consumer and a "debtor" under the FDCPA and the RFDCPA.

### B. ARStrat Was Attempting To Collect A "Debt" / "Consumer Debt".

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the . . . property . . . which [is] the subject of the transaction [is] primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5); *Slenk*, 236 F.3d at 1075. In making this determination, the court has "elevated substance over form" and must therefore "look to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone." *Slenk*, 236 F.3d at 1076; *Riviere v. Banner Chevrolet*, 184 F.3d 457, 462 (5th Cir. 1999). Thus, only obligations incurred "primarily for personal, family, or household purposes" are considered "debts"

under the FDCPA, which "applies to consumer debts and not business loans." *See Aniel v. Aurora Loan Servs. Ltd. Liab. Co.*, 550 F. App'x 416, 418 (9th Cir. 2013) (citing *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992)).

The RFDCPA defines "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction (emphasis added)." Cal. Civ. Code § 1788.2(f); *Roche v. Bank of America*, 2013 U.S. Dist. LEXIS 95646 (S.D. Cal. 2013); *see also Bishop v. I.C. Sys.*, 713 F. Supp. 2d 1361, 1365 (2010) ("Payment to a doctor's office for a flu vaccine for children is an obligation arising out of a transaction for services for personal, family, or household purposes, and therefore, is a 'debt' [pursuant to the FDCPA]."). As explained in *Gouskos v. Aptos Village Garage, Inc.*, 94 Cal. App. 4th 754 (Cal. Ct. App. 2001), "there is a consumer credit transaction when the consumer acquires something without paying for it." 94 Cal. App. 4th at 759; *see also Hanrahan v. Statewide Collection, Inc.*, No. 19-cv-00157-MMC, 2020 U.S. Dist. LEXIS 242290, at *10 (N.D. Cal. Dec. 23, 2020) (holding that the medical debt is covered by the RFDCPA).

Here, the debt is a medical obligation incurred as a result of Pearson's procuring the medically needed nebulizer in 2017 for her minor daughter. SSUF ¶¶ 23-26. Plaintiff made no payment for the nebulizer when she obtained it. SSUF ¶ 56; Cardoza Decl., Ex. E, Patton Dep. 28:23-25. In fact, Apria usually provides goods/medical devices to a patient without payment, seeking payment only after it determines if the patient's insurance will cover the bill. Cardoza Decl., Ex. E, Patton Dep. 25:25-26:24. Once the debt was past due here, Apria transferred it to ARStrat for collection. *Id.* ¶¶ 56-57; Supp. SSUF ¶¶ 90, 93, 96. ARStrat only collects on consumer debts, and does not collect on business debts. Supp. SSUF ¶ 92.

Therefore, the financial obligations alleged to be owed constitute a "debt" and a "consumer debt" under the FDCPA and the RFDCPA.

### C. ARStrat Is A "Debt Collector."

Under the FDCPA, a "debt collector" means any person who uses any instrumentality of commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6); *see also Ansari v. Elec. Document Processing Inc.*, 2013 U.S. Dist. LEXIS 124798, at *22 (N.D. Cal. 2013). Further, the "inquiry as to whether a person is a debt collector is not case specific, but rather depends on whether that person 'regularly' collects debts – in other words a person cannot be considered a debt collector with regard to one debtor and not a debt collector with regard to another debtor." *Schultz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 875 (N.D. Ill. 2006) (citing 15 U.S.C. § 1692a(6)). The RFDCPA expands that term to also encompass entities that collect debts on behalf of themselves. *See* Cal. Civ. Code § 1788.2(c); *Mejia v. Marauder Corp.*, 2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007). A debt collector under the FDCPA, is a debt collector under the RFDCPA.

Here, there is no triable issue of fact with regard to ARStrat's status as a "debt collector" as defined by both statutes. Supp. SSUF ¶¶ 91-92. ARStrat's primary business purpose is to collect consumer debts, which it does by sending collection letters and placing calls through its dialer. *Id.*; *see also* SSUF ¶¶ 76-80. ARStrat regularly collects on the debts owed to another company. Supp. SSUF ¶¶ 91-92. ARStrat does not collect on business debts. *Id.* Here, it collected the consumer debts on behalf of Apria. Supp. SSUF ¶¶ 91-92, 96; SSUF ¶¶ 76-80.

Thus, there is no triable issue of fact with regard to ARStrat's status as a "debt collector" as defined by the Acts.

### D. ARStrat Violated 15 U.S.C. § 1692c And Cal. Civ. Code § 1788.17 Because It Called Pearson Before 8 A.M. PT.

The FDCPA prohibits debt collectors from placings calls to consumers at an inconvenient time. 15 U.S.C. § 1692c(a)(1)-(2). A call prior to 8:00 a.m. at a

consumer's time is a per se violation of the FDCPA (and the RFDCPA by incorporation). *Id.*; *see also Smith v. Progressive Fin. Servs.*, No. 6:12-cv-1704-MC, 2013 U.S. Dist. LEXIS 108744, at *10 (D. Or. Aug. 1, 2013) (holding that debt collector failed to rebut the presumption of inconvenience to plaintiff for the calls placed before 8:00 a.m.); Cal. Civ. Code § 1788.17 (incorporating § 1692c).

Here, it is undisputed that ARStrat, in its attempts to collect on the debt, called Pearson several times before 8:00 a.m. SSUF ¶¶ 78, 80; Supp. SSUF ¶ 96. ARStrat did not obtain Pearson's permission to place calls at this time. Supp. SSUF ¶ 94. Moreover, ARStrat was aware that Pearson resided in San Diego California, and thus, aware of Pearson's time zone. *Id.* ¶ 93. ARStrat did not have any other address on file for Pearson that would depict a different address from her San Diego address. *Id.*; Cardoza Decl., Ex. I at 59:1-9.

Therefore, ARStrat violated the FDCPA and RFDCPA by placing calls to Pearson before 8:00 a.m. her time.

## VI. CONCLUSION

For the reasons stated above, Pearson's Motion should be granted as a matter of law as to ARStrat's liability because (1) ARSTrat is a debt collector under the FDCPA and the RFDCPA; (2) collected on a "debt" / "consumer debt"; (3) from Pearson, the "debtor" and "consumer" under the FDCPA/RFDCPA; and (4) violated § 1692c, incorporated in Cal. Civ. Code § 1788.17, by calling Pearson before 8 a.m. Pearson will establish her damages at trial.

Dated: February 11, 2021                    Respectfully submitted,

                                                **KAZEROUNI LAW GROUP, APC**

                                                By: /s/ Abbas Kazerounian
                                                     Abbas Kazerounian, Esq.
                                                     *Attorneys for Plaintiff*