UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA PEARSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>APRIA HEALTHCARE GROUP, INC. and ARSTRAT, LLC,<br><br>　　　　　　　　　Defendants. | Case No.: 3:19-cv-02400-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

　　The matters pending before the Court are the Motion for Summary Judgment filed by Defendant Apria Healthcare Group, Inc. (ECF No. 44); the Motion to Seal filed by Defendant Apria Healthcare Group, Inc. (ECF No. 45); the Motions to Seal filed by Plaintiff Christina Pearson (ECF Nos. 52, 55); and the Motions for Summary Judgment filed by Plaintiff Christina Pearson (ECF Nos. 71, 72).

**I.　PROCEDURAL BACKGROUND**

　　On December 13, 2019, Plaintiff Christina Pearson initiated this action by filing a Complaint against Defendants Apria Healthcare Group, Inc. ("Apria") and ARSTRAT, LLC ("ARS"). (ECF No. 1). Plaintiff alleges that "[t]his is a case about a healthcare provider and its debt collection agency [that] deliberately dunned a military spouse instead of her military insurance carrier for her child's nebulizer." *Id.* at 2. Plaintiff alleges that

1

Defendants "continued to dun her even after they knew that [ ] she and her child had insurance which covered the machine, and even after they acknowledged – to her – that they knew she didn't owe the debt." *Id.* Plaintiff brings the following five causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692c) against Defendant ARS; (2) violation of the FDCPA (15 U.S.C. § 1692e) against Defendant ARS; (3) violation of the FDCPA (15 U.S.C. § 1692f) against Defendant ARS; (4) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") (California Civil Code § 1812.700) against Defendant ARS; and (5) violation of the RFDCPA (California Civil Code § 1788.17) against Defendants ARS and Apria. *See id.* at 11-14. Plaintiff seeks actual and statutory damages, costs and attorneys' fees, and "such other and further relief as may be just and proper." *Id.* at 14-15.

On December 8, 2020, Defendant Apria filed a Motion for Summary Judgment (ECF No. 44) and a Motion to Seal (ECF No. 45). On January 4, 2021, Plaintiff filed a Motion to Seal (ECF No. 52) and a Response in opposition to Defendant Apria's Motion for Summary Judgment (ECF No. 54)[1]. On January 5, 2021, Plaintiff filed a Motion to Seal. (ECF No. 55). On January 25, 2021, Defendant Apria filed a Reply to its Motion for Summary Judgment. (ECF No. 66). On January 28, 2021, Plaintiff filed a Corrected Response in opposition to Defendant Apria's Separate Statement of Undisputed Material Facts and a Corrected Separate Statement of Undisputed Material Facts. (ECF No. 70).

On February 11, 2021, Plaintiff filed a Motion for Summary Judgment against Defendant Apria (ECF No. 71) and a Motion for Summary Judgment against Defendant

---

[1] Plaintiff requests the Court to take judicial notice of Exhibits J (ECF No. 54-13) and K (ECF No. 54-14) filed in support of Plaintiff's Response in opposition to Defendant Apria's Motion for Summary Judgment. *See* ECF No. 54-17. Plaintiff further requests the Court to "take judicial notice of the fact that Pacific Time zone is 2 hours behind Central" filed in support of Plaintiff's Reply to her Motion for Summary Judgment against Defendant ARS. (ECF No. 80 at 6). The Court has not considered these exhibits or this fact in resolving this Order. Plaintiff's requests for judicial notice are denied. *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary.").

ARS (ECF No. 72). On February 25, 2021, Defendant Apria filed a Response in opposition to Plaintiff's Motion for Summary Judgment (ECF No. 74) and a Response in opposition to Plaintiff's Corrected Response in opposition to Defendant Apria's Separate Statement of Undisputed Material Facts and Corrected Separate Statement of Undisputed Material Facts (ECF No. 75). On the same day, Defendant ARS filed a Response in opposition to Plaintiff's Motion for Summary Judgment (ECF No. 76) and a Response in opposition to Plaintiff's Corrected Response in opposition to Defendant Apria's Separate Statement of Undisputed Material Facts and Corrected Separate Statement of Undisputed Material Facts (ECF No. 77). On March 4, 2021, Plaintiff filed a Reply to her Motion for Summary Judgment against Defendant Apria (ECF No. 79) and a Reply to her Motion for Summary Judgment against Defendant ARS (ECF No. 80). On March 11, 2021, the Court heard oral argument on the Motions for Summary Judgment. (ECF No. 82).

## II. FACTS[2]

On October 14, 2017, Plaintiff received a nebulizer from Defendant Apria on behalf of her minor daughter. *See* Pl.'s Resp. to Def. Apria's Separate Statement of Undisputed Material Facts ("SSUMF") ¶ 1, ECF No. 70 at 2. Defendant Apria "generated a Sales, Service, and Rental Agreement ('SSRA') for the nebulizer it provided to Plaintiff for her daughter." *Id.* ¶ 2, ECF No. 70 at 2. The SSRA includes a financial responsibility term, which states, in relevant part, "the patient's Third Party Payor may refuse to authorize or pay for further treatment . . . , with the result that the Responsible Party will . . . become financially responsible for ongoing rental or purchase charges and the cost of related Equipment . . . ." *Id.* ¶ 4, ECF No. 70 at 6 (emphasis omitted); Ex. 1 to Patton Decl., ECF No. 46-3 at 8. The SSRA further states, in relevant part, "[i]f the Company determines that any Equipment for which payment has not been properly arranged cannot be returned to the Company without unreasonably endangering the patient, the Company may . . . transfer

---

[2] The parties have filed evidentiary objections, which have been reviewed by the Court. *See* ECF No. 54-1; 66-2; 70; 74-1; 75; 77; 79-1; 80-1. The parties' evidentiary objections do not affect this Order.

ownership of such Equipment to the patient and charge the Responsible Party the remaining Third Party Payor contract balance to purchase the same . . . ." Pl.'s Resp. to Def. Apria's Separate Statement of Additional Undisputed Material Facts ("SSAUMF") ¶ 99, ECF No. 79-1 at 3; Ex. 1 to Patton Decl., ECF No. 46-3 at 12.

One of Defendant Apria's Billing Center Quality Specialists states in a sworn declaration that

> [Defendant] Apria's standard business practice is to provide a copy of the SSRA upon delivery of its equipment to the customer's home. If the customer is not home at the time of the delivery or is otherwise not available to sign the SSRA, it is [Defendant] Apria's standard business practice for the technician completing delivery to "porch" the SSRA, meaning that the SSRA is left with the equipment at the delivery location, without requiring a signature.

Patton Decl. ¶ 5, ECF No. 44-5 at 3-4.

"The nebulizer was rented to Plaintiff on monthly basis from [Defendant] Apria, for which [Plaintiff's insurance provider] Tricare made payments of $3.34/month" "from October 2017 to June 2018." Def. Apria's Resp. to Pl.'s Separate Statement and Supplemental Separate Statement of Undisputed Material Facts ("SS & SSSUMF") ¶ 26, ECF No. 75 at 24; Pl.'s Resp. to Def. Apria's SSAUMF ¶ 100, ECF No. 79-1 at 3. In December of 2018, Defendant Apria converted the nebulizer rental arrangement into a purchase arrangement even though Plaintiff did not request to purchase the nebulizer. *See* Def. Apria's Resp. to Pl.'s SS & SSSUMF ¶¶ 54-55, ECF No. 75 at 32-33.

In January of 2019, Plaintiff received a bill from Defendant Apria for $117.59, "stating that this account was 'seriously past due' and a payment was expected 'immediately.[']" *Id*. ¶ 57, ECF No. 75 at 33; *see also* Pl.'s Resp. to Def. Apria's SSUMF ¶ 11, ECF No. 70 at 9; Pl.'s Resp. to Def. Apria's SSAUMF ¶ 101, ECF No. 79-1 at 4. The bill stated that Defendant "Apria is currently missing or has invalid information on file that is required by your insurance plan. Please contact your plan for resolution." Pl.'s Resp. to Def. Apria's SSUMF ¶ 11, ECF No. 70 at 9; Pl.'s Resp. to Def. Apria's SSAUMF ¶ 101,

ECF No. 79-1 at 4; *see also* Def. Apria's Resp. to Pl.'s SS & SSSUMF ¶ 58, ECF No. 75 at 33-34. Plaintiff and Defendant Apria disagreed as to who was responsible for the payment. *See* Def. Apria's Resp. to Pl.'s SS & SSSUMF ¶¶ 60, 63-65 ECF No. 75 at 34-36.

On February 11, 2019, Plaintiff called Defendant Apria and spoke to one of Defendant Apria's representatives. *See* Pl.'s Resp. to Def. Apria's SSUMF ¶ 12, ECF No. 70 at 9. Defendant Apria's representative provided Plaintiff the representative's contact information and cautioned Plaintiff that if Plaintiff continued to receive bills from Defendant Apria, she should call her back. *See id.* ¶ 13, ECF No. 70 at 10. From February to September 2019, Defendant Apria continued to send Plaintiff bills each month. *See id.* ¶ 15, ECF No. 70 at 11; *see also* Def. Apria's Resp. to Pl.'s SS & SSSUMF ¶ 75, ECF No. 75 at 40. "Between February and September 2019, Plaintiff did not pay or respond to any bills from [Defendant] Apria", "threw the bills away", "did not contact Tricare to discuss whether it was not paying for the nebulizer", and did not contact the Defendant Apria representative that she spoke with on February 11, 2019. Pl.'s Resp. to Def. Apria's SSUMF ¶¶ 16-17, ECF No. 70 at 11-12.

On September 9, 2019, Defendant Apria employed Defendant ARS to collect on Plaintiff's debt. *See* Def. ARS's Resp. to Pl.'s Separate Statement and Supplemental Separate Statement of Undisputed Material Facts ("SS & SSSUMF") ¶ 76, ECF No. 77 at 16. The principal business purpose of Defendant ARS is to collect on debts owed to other companies. *See id.* ¶ 91, ECF No. 77 at 19. Defendant ARS identifies debts as being owed to Defendant Apria when it calls patients. *See* Def. Apria's Resp. to Pl.'s SS & SSSUMF ¶ 83, ECF No. 75 at 42. At the inception of its collection efforts, Defendant ARS received a datafile from Defendant Apria containing Plaintiff's phone number and San Diego, California address. *See* Def. ARS's Resp. to Pl.'s SS & SSSUMF ¶ 93, ECF No. 77 at 19. Defendant ARS used the phone number (920) 283-1508 to call Plaintiff. *See id.* ¶ 77, ECF No. 77 at 16. Defendant ARS called Plaintiff in attempt to collect on a debt. *Id.* ¶ 96, ECF No. 77 at 20. The "collection activity on the debt" by Defendant ARS "occurred over the

period of one week, September 12 to 19, 2019." Pl.'s Resp. to Def. ARS's Separate Statement of Undisputed Material Facts ("SSUMF") ¶ 105, ECF No. 80-1 at 3. Plaintiff states that, in September of 2019, she received at least three calls from Defendant ARS on behalf of Defendant Apria in which a 920 area code phone number appeared on her phone and that she did not answer any of the calls because she suspected the caller to be a telemarketer. *See* Pl. Decl. ¶ 46, ECF No. 54-2 at 6; Ex. Q to Felipe Decl., ECF No. 76-4 at 6; Pl.'s Resp. to Def. ARS's SSUMF ¶¶ 98-99, ECF No. 80-1 at 2. The account notes produced by Defendant ARS state that it called Plaintiff four times in September of 2019. *See* Ex. P to Cardoza Decl., ECF No. 72-5 at 2-3.

On September 19, 2019, Plaintiff called the (920) 283-1508 phone number because she wanted to identify the caller and told Defendant ARS to stop calling her. *See* Pl.'s Resp. to Def. ARS's SSUMF ¶¶ 100-02, 104, ECF No. 80-1 at 2-3. Defendant ARS "stopped calling and ceased all collection efforts on Plaintiff." *Id*. ¶ 103, ECF No. 80-1 at 3. On September 25, 2019, Plaintiff called Defendant Apria. *See* Pl.'s Resp. to Def. Apria's SSUMF ¶ 20, ECF No. 70 at 12. Defendant "Apria reported that it had recalled the collections effort." *Id*.

## III. STANDARD OF REVIEW

"The inquiry performed [at the summary judgment stage] is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The materiality of a fact is

determined by the substantive law governing the claim or defense. *See Anderson*, 477 U.S. at 248.

"On summary judgment, the moving party bears the [initial] burden of establishing the basis for its motion and identifying evidence that demonstrates the absence of a genuine issue of material fact." *Davis v. United States*, 854 F.3d 594, 598 (9th Cir. 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . , the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case" and not by "*negating* the opponent's claim." *Celotex*, 477 U.S. at 323, 325.

The burden then shifts to the nonmovant to provide admissible evidence, beyond the pleadings, of specific facts showing a genuine issue for trial. *See Anderson*, 477 U.S. at 256. To survive summary judgment, the nonmovant cannot rest solely on "conclusory allegations of the complaint" or "conclusory allegations of an affidavit [or declaration]." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "A conclusory, self-serving affidavit [or declaration], lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), *as amended* (Apr. 11, 1997). Instead, the nonmovant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256. "In short, what is required to defeat summary judgment is simply evidence 'such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor.'" *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015)).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The nonmoving party's affidavit or "declaration is to be accepted as true" and the nonmoving party's "evidence should not be weighed against the evidence of" the moving party. *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1289 (9th

Cir. 1987). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Anderson*, 477 U.S. at 255.

## IV.   DISCUSSION

### A. Defendant ARS – Violation of the FDCPA (15 U.S.C. § 1692c) (claim 1); Violation of the FDCPA (15 U.S.C. § 1692e) (claim 2); Violation of the FDCPA (15 U.S.C. § 1692f) (claim 3)

Plaintiff moves for summary judgment on the first, second, and third claims alleging that Defendant ARS violated the FDCPA by repeatedly calling Plaintiff before 8:00 a.m. in an attempt to collect a debt on behalf of Defendant Apria.  Plaintiff contends that there is no dispute of material fact that Defendant ARS called Plaintiff before 8:00 a.m. on several occasions in an attempt to collect on the debt in violation of the FDCPA (15 U.S.C. § 1692c).  Defendant ARS contends that it did not violate the FDCPA because the unanswered calls to Plaintiff do not constitute a communication pursuant to the FDCPA. Defendant ARS further asserts that Plaintiff has failed to present evidence that she received a call from Defendant ARS before 8:00 a.m. in her local time.  Defendant ARS asserts that Plaintiff has failed to show that she has suffered any harm or injury-in-fact as a result of the alleged violation by Defendant ARS.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The purpose of the Act . . . is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors" and "to limit harassing, misleading, and fraudulent contacts and communications with or about consumer debtors." *Pressley v. Cap. Credit & Collection Serv., Inc.*, 760 F.2d 922, 925 (9th Cir. 1985); *Romine v. Diversified Collection Servs., Inc.*, 155 F.3d 1142, 1149 (9th Cir. 1998). "The FDCPA notes that [c]ollection abuse takes

many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Romine*, 155 F.3d at 1149 n.9 (alteration in original). However, "mere information gathering or message delivery . . . are [not] the type [of activities] that the FDCPA was designed to deter." *Id.* at 1149.

To determine a violation of the FDCPA, district courts apply a "least sophisticated debtor standard . . . ." *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). "For example, [district courts] shall find a violation . . . if [a defendant]'s letter and telephone call are likely to deceive or mislead a hypothetical least sophisticated debtor." *Id.* "[T]he caselaw makes clear that the question whether language in a [communication would] confuse a least sophisticated debtor is a question of law." *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).

15 U.S.C. § 1692c(a)(1) states that

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location . . . .

15 U.S.C. § 1692c(a)(1).  15 U.S.C. § 1692e(2)(A) states that

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

> Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> > (2) The false representation of--
> >
> > > (A) the character, amount, or legal status of any debt . . . .

15 U.S.C. § 1692e(2)(A).  15 U.S.C. § 1692f(1) states that

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).  15 U.S.C. § 1692a(2) states that "[t]he term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

Defendant ARS contends that an unanswered call is not a communication under the FDCPA or actionable under 15 U.S.C. §1692c because it does not actually convey information. Defendant ARS cites to three cases in support of its contention: *Wilfong v. Persolve, LLC*, No. 10–3083–CL, 2011 WL 2678925, at *4 (D. Or. June 2, 2011), *report and recommendation adopted,* No. 10–3083–CL, 2011 WL 2601559 (D. Or. June 30, 2011) (concluding that receipt of an unanswered phone call without a message left on the plaintiff's phone does not constitute a communication within the meaning of the FDCPA); *Worsham v. Accts. Receivable Mgmt., Inc.*, 497 F. App'x 274, 277 (4th Cir. 2012) (concluding that unanswered phone calls can hardly be considered communications under the FDCPA); and *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 423 (D.N.J. 2013) (concluding that the mere fact that the defendant's phone number and a

portion of its name appeared on the plaintiff's caller ID is insufficient to transform these phone calls into communications under the FDCPA). *See* ECF No. 76 at 10-11.

Plaintiff contends that "[a] number of courts previously found that unanswered calls without any information about the debt constituted communications under the FDCPA . . . ." (ECF No. 80 at 3-4). However, Plaintiff's cited cases involve voicemails regarding debt collection. *See e.g.*, *Rhodes v. Olson Assocs., P.C.*, 83 F. Supp. 3d 1096, 1106 n.6, 1107 (D. Colo. 2015) (concluding that voicemails constituted communications for purposes of Section 1962e); *Dona v. Midland Credit Mgmt., Inc.*, No. CV 10–0825(JS)(WDW), 2011 WL 941204, at *2 (E.D.N.Y. Feb. 10, 2011), *report and recommendation adopted,* No. CV 10–0825(JS)(WDW), 2011 WL 939724 (E.D.N.Y. Mar. 15, 2011) (recommending that the plaintiff's motion for default judgment be granted as to the plaintiff's 15 U.S.C. § 1692e(11) claim because the "[p]laintiff claim[ed] to have received numerous phone messages from the defendant in violation of 15 U.S.C. § 1692e(11)"); *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1076 (E.D. Cal. 2007) (concluding that messages left by the defendant on the plaintiff's answering machine constituted communications within the meaning of § 1692a(2)); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) (concluding that messages left by the defendant on the plaintiff's answering machine constituted communications); *Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1189 (W.D. Wash. 2011) (concluding that voicemails are communications that must conform to the disclosure requirements of section 1692e(11)); *see also Cerrato v. Solomon & Solomon*, 909 F. Supp. 2d 139, 149 (D. Conn. 2012) (concluding that unanswered telephone calls can constitute communications under the FDCPA—at least calls in which the debt collector's name and telephone number appear on the consumer's caller ID display and follow over 100 calls previously placed by that debt collector).

Denial of a plaintiff's motion for partial summary judgment as to the plaintiff's FDCPA claim is appropriate when "no mention of [the] plaintiff's debt was conveyed at any time during" "telephone messages left with persons at [the] plaintiff's place of

employment" because "these messages were not communications for purposes of the FDCPA . . . ." *Martin v. L. Offs. of John F. Edwards*, No. 09cv0177 JAH(POR), 2011 WL 13177280, at *5 (S.D. Cal. Feb. 16, 2011). In addition, a "[d]efendant is entitled to judgment as to [the plaintiff's 15 USC § 1692e(11)] claim" when a voicemail "left for [the] [p]laintiff [ ], which merely included the caller's name and asked for a return call, d[id] not convey, directly or even indirectly, any information regarding the debt owed." *Koby v. ARS Nat. Servs., Inc.*, No. 09cv0780 JAH (JMA), 2010 WL 1438763, at *4 (S.D. Cal. Mar. 29, 2010).

In this case, the evidence in the record shows that Plaintiff received at least three calls from Defendant ARS in September 2019. *See* Pl. Decl. ¶ 46, ECF No. 54-2 at 6. A phone number with a 920 area code appeared on Plaintiff's phone which Plaintiff did not recognize. *See* Ex. Q to Felipe Decl., ECF No. 76-4 at 6. Plaintiff did not know the identity of the caller and did not answer any of the calls because she suspected the caller to be a telemarketer. *See id.*; Pl.'s Resp. to Def. ARS's SSUMF ¶¶ 98-99, ECF No. 80-1 at 2. On September 19, 2019, Plaintiff called the phone number back to identify the caller, identified the caller as Defendant ARS, and instructed Defendant ARS to stop calling her. *See id.* ¶¶ 100-02, 104, ECF No. 80-1 at 2-3. After the September 19, 2019 call, Defendant ARS "stopped calling and ceased all collection efforts on Plaintiff." *Id.* ¶ 103, ECF No. 80-1 at 3.

Plaintiff did not recognize the phone number on display, did not know the caller's identity, and did not know what the calls were pertaining to until she called the phone number back. Defendant ARS did not leave Plaintiff any voicemails or phone messages. Plaintiff did not discern from the unanswered calls that Defendant ARS was attempting to contact Plaintiff regarding a debt. Plaintiff was not aware of Defendant ARS's involvement or role as a debt collector before Plaintiff called the phone number back.

In this case, "information regarding a debt" was not conveyed "directly or indirectly" to Plaintiff by the receipt of unanswered calls. 15 U.S.C. § 1692a(2). An unanswered call without more is insufficient to constitute a "communication" pursuant to

15 U.S.C. § 1692a(2). Even applying a broad interpretation of the FDCPA and the least sophisticated debtor standard, the unanswered calls do not constitute a "communication" pursuant to the FDCPA under the facts of this case. 15 U.S.C. § 1692a(2). In addition, Plaintiff has failed to present evidence that Defendant ARS violated 15 U.S.C. § 1692e or 15 U.S.C. § 1692f. Plaintiff's Motion for Summary Judgment (ECF No. 72) is denied as to Plaintiff's first, second, and third causes of action.

Federal Rule of Civil Procedure 56(f) states that "[a]fter giving notice and a reasonable time to respond, the court may [ ] grant summary judgment for a nonmovant . . . ." Fed. R. Civ. P. 56(f). "It is generally recognized that a court has the power sua sponte to grant summary judgment to a non-movant when there has been a motion but no cross-motion." *Kassbaum v. Steppenwolf Prods., Inc.*, 236 F.3d 487, 494 (9th Cir. 2000). "Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment sua sponte against a moving party if the losing party has had a full and fair opportunity to ventilate the issues involved in the matter." *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003). In other words, "where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014).

In this case, Plaintiff presented facts and arguments as to why Defendant ARS violated the FDCPA in Plaintiff's Motion for Summary Judgment against Defendant ARS. There is no dispute of material fact that Plaintiff did not answer any of the calls from Defendant ARS. The sole issue at hand was a question of law: whether the calls from Defendant ARS to Plaintiff constitute a communication pursuant to the FDCPA. Plaintiff has had "a full and fair opportunity to prove its case, but has not succeeded in doing so" because the Court has found that the calls from Defendant ARS to Plaintiff did not constitute communications pursuant to the FDCPA. *Id*. The Court finds it appropriate to grant summary judgment sua sponte for Defendant ARS and against Plaintiff as to Plaintiff's first, second, and third causes of action. *See e.g.*, *Verdun v. Fid. Creditor Serv.*,

No. 14-cv-0036-DHB, 2017 WL 1047109, at *10 (S.D. Cal. Mar. 20, 2017) (same); *Wheeler v. Credit Bureau of Santa Maria*, No. 2:15-cv-02684-SVW-E, 2015 WL 12669881, at *2 n.2 (C.D. Cal. Sept. 3, 2015) (same).  Summary judgment is granted for Defendant ARS and against Plaintiff as to Plaintiff's first, second, and third causes of action.

**B. Defendant ARS – Violation of the RFDCPA (California Civil Code § 1812.700) (claim 4); Defendants ARS and Apria – Violation of the RFDCPA (California Civil Code § 1788.17) (claim 5)**

The federal claims for violations of the FDCPA have been dismissed because the Court has granted summary judgment for Defendant ARS and against Plaintiff as to Plaintiff's first, second, and third claims.  The remaining claims for violation of the RFDCPA (California Civil Code § 1812.700) against Defendants ARS (claim 4) and violation of the RFDCPA (California Civil Code § 1788.17) against Defendants ARS and Apria (claim 5) do not arise under federal law.  The Complaint alleges that jurisdiction is proper in this Court based on federal question jurisdiction over the federal law claims and supplemental jurisdiction over the remaining state law claims.  *See* ECF No. 1 at 3.

The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

Having dismissed the only federal claims in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c).  *See e.g.*, *Khosroabadi v. N. Shore Agency*, 439 F. Supp. 2d 1118, 1125 (S.D. Cal. 2006) (granting the defendant's motion for summary judgment as to the

plaintiff's claim for violation of the FDCPA (15 U.S.C. § 1692, et seq.); declining to exercise supplemental jurisdiction and dismissing without prejudice the plaintiff's claim for violation of the RFDCPA (California Civil Code § 1812.700); and closing the case); *Wilson v. Costco Wholesale Corp.*, 426 F. Supp. 2d 1115, 1124 (S.D. Cal. 2006) ("Because the Court has dismissed all claims over which it has original jurisdiction in this matter, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.").

## V.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Plaintiff Christina Pearson (ECF No. 72) is DENIED.  The Clerk of the Court shall enter judgment for Defendant ARSTRAT, LLC and against Plaintiff Christina Pearson as to Plaintiff's first, second, and third causes of action.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendant Apria Healthcare Group, Inc. (ECF No. 44) and the Motion for Summary Judgment filed by Plaintiff Christina Pearson (ECF No. 71) are DENIED as moot.  The Court declines to exercise supplemental jurisdiction over Plaintiff's fourth and fifth causes of action.  The Court dismisses Plaintiff's state law claims (fourth and fifth causes of action) without prejudice.

IT IS FURTHER ORDERED that the Motion to Seal filed by Defendant Apria Healthcare Group, Inc. (ECF No. 45) is GRANTED.

IT IS FURTHER ORDERED that the Motions to Seal filed by Plaintiff Christina Pearson (ECF Nos. 52, 55) are GRANTED.

The Clerk of Court is directed to close this case.

Dated:  May 10, 2021

Hon. William Q. Hayes
United States District Court